UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Kevin Lindsey King**, #251185,<br><br>                              Plaintiff,<br><br>vs.<br><br>Administrative Law Judge Division,<br><br>                              Defendant.<br>_____ | ) C/A No. 0:06-1695-GRA-BM<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil rights action filed *pro se* by a state prison inmate. Plaintiff is currently incarcerated at the Kirkland Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. Plaintiff alleges that he is being subjected to "discrimination" and unequal treatment by the South Carolina Administrative Law Judge Division[1] in an administrative appeal he filed from an SCDC disciplinary conviction, that the SCDC is being given preferential treatment in the procedural aspects of the administrative appeal, and that his (Plaintiff's) attempts to have the appeal move forward to completion are being thwarted by the SCDC's failure to respond to his filings. Plaintiff further claims that the Administrative Law Judge (ALJ) assigned to his case refuses to enforce the established procedural rules against SCDC or to even answer Plaintiff's inquiries about the status of the case, while all procedural rules are strictly enforced against prisoners, resulting in routine dismissals of their appeals.

In the request for relief section of the Complaint, Plaintiff requests the following:

> (1) That the Administrative Law Judge Division [Administrative Law Court, *see supra* note 1] be ORDERed to Rule on Docket number 05-ALJ0045000255-IJ, within sixty Days aFter being Served with this ComPlaint, being that will be at 16 months this case has been ignored, and also this case eFFects my max-out date.  -OR-

---



[1]The proper name for this governmental entity is the South Carolina Administrative Law *Court*. See S.C.Code Ann. § 1-23-500 (by a 2004 act of the South Carolina legislature, the name of the entity was changed from "Administrative Law Judge Division" to "Administrative Law Court." The Court is an "agency and a court of record within the executive branch of the government" of South Carolina.).

>     (2) That iF this case is not ruled upon beFore November 1, 2006, then iF it is Ruled in my Favor aFter November 1, 2006, that I, Kevin King be awarded money damages by a Jury For the good time I seek in this appeal.  Being that I will be maxed out my sentence, so the good time will be time I did extra, that I should have never had to do.  However, I Just ask that or I rather that this case would be ruled upon within 60 days, so this matter will be resolved.

Complaint, at 5.

The quoted language comprises the complete request for relief contained in the Complaint filed in this case.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972);  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) because the Court cannot grant either of the alternative forms of relief Plaintiff requests against the Defendant, a South Carolina state governmental agency.  See supra note 1 ( under the applicable South Carolina statute, Defendant is "an 'agency and a court of record within the executive branch of the government' of South Carolina.").  The requirement of liberal construction does not mean that this



2

Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).

First, although Plaintiff has filed this case under 42 U.S.C. § 1983, the first alternative form of relief he requests requires the Court to construe it as being in the nature of a mandamus action because he asks this Court to order the Defendant to rule on his pending case. *See* Black's Law Dictionary (8th ed. 2004) (mandamus:"A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.") Circuit precedents teach that a writ of mandamus is a drastic remedy, infrequently used by federal courts. Its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). Further, a federal district court may issue a writ of mandamus *only* against an employee or official *of the United States*. *See* Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); Gurley, 411 F.2d at 587 ("Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ.") Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials[.]"); *see also* Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985); Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990). Since the Defendant in this case is a state agency/court, it is clear that this Court does not have jurisdiction to grant Plaintiff the first alternative form of relief that he requests.



3

Furthermore, this Court cannot award Plaintiff his second alternative form of relief: compensatory damages -- due to the state agency-status of the Defendant and the operation of the Eleventh Amendment to the United States Constitution, which grants immunity to states and state agencies from lawsuits in federal court seeking damages. The South Carolina Administrative Law Judge Division (now known as the Administrative Law Court), as a South Carolina state agency, is an integral part of the state and, thus, is entitled to Eleventh Amendment immunity from a claim for damages in this case.  *See* Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 627 (1999);  Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Alabama v. Pugh, 438 U.S. 781, 782 & nn. 1-2 (1978);  Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Bellamy v. Borders, 727 F. Supp. 247, 248-50 & nn. 2-3 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrections, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also* Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).  *Cf.* Suarez Corp. Indus. v. McGraw, 125 F.3d 222 (4th Cir. 1997).

While , under Pennhurst, 465 U.S. at 99 & n. 9, a state can consent to suit in a federal district court, the State of South Carolina has not consented to suit in a federal court.  See Section 15-78-20(e), South Carolina Code of Laws (Cum. Supp. 1993),  which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state.  See also McCall v. Batson, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies



4

to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f.* Pennhurst, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Because this Court is without jurisdiction to award either of the alternative forms of relief requested by Plaintiff in this case, the case is subject to summary dismissal.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

June 19, 2006
Columbia, South Carolina



5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
