UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kevin Lindsey King, #251185, <br><br>                    Plaintiff, <br><br> v. <br><br> Administrative Law Judge Division, <br><br>                    Defendant. | C/A No. 0:06-1695-GRA-BM <br><br><br> ORDER <br> (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on June 20, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.  Plaintiff is currently incarcerated at the Kirkland Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system.  Plaintiff alleges that he is being subjected to "discrimination" and unequal treatment by the South Carolina Administrative Law Judge Division[1] in an administrative appeal he filed from an SCDC disciplinary conviction, that the SCDC is being given preferential treatment in the procedural aspects of the administrative appeal, and that his attempts to have the

---

[1] The proper name for this governmental entity is the South Carolina Administrative Law Court.  *See* S.C. Code Ann. § 1-23-500 (by a 2004 act of the South Carolina legislature, the name of the entity was changed from "Administrative Law Judge Division" to "Administrative Law Court." The Court is an "agency and a court of record within the executive branch of the government" of South Carolina).

1

appeal move forward to completion are being thwarted by the SCDC's failure to respond to his filings.  Plaintiff further claims that the Administrative Law Judge ("ALJ") assigned to his case refuses to enforce the established procedural rules against SCDC or to even answer Plaintiff's inquiries about the status of the case, while all procedural rules are strictly enforced against prisoners, resulting in routine dismissals of their appeals.  The magistrate recommends summarily dismissing this case because the Court is without jurisdiction to award the relief requested by the Plaintiff.  For the reasons stated herein, the recommendation of the magistrate is adopted, and the case is DISMISSED.

Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Plaintiff filed an objection to the Report and Recommendation on July 11, 2006.

Plaintiff does not object to the magistrate's recommendation to dismiss this case, specifically stating that he "accepts his case being dismissed."  Plaintiff's only objection is to the requirement that he pay the $350.00 filing fee for bringing this action.  By filing this case, Plaintiff has incurred a debt to the United States of America in that amount.  *See* 28 U.S.C. § 1914.  Although the Prison Litigation Reform Act ("PLRA") of 1996 allows a prisoner to proceed without prepayment of the filing fee and allows the filing fee to be paid in installments, the full amount of the filing fee is still due.  *See* 28 U.S.C. § 1915(a) and (b).  Therefore, this objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

                                              */s/ G. Ross Anderson, Jr.*
                                              G. ROSS ANDERSON, JR.
                                              UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July   13   , 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.

4